**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IRMA M. ROSARIO CORA<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO (DEPARTMENT OF CORRECTION AND REHABILITATION OF PUERTO RICO)<br><br>Defendant | Civil No. 17-1556<br><br>DISABILITY DISCRIMINATION; FAILURE TO ACCOMMODATE; DAMAGES;   SEEKING INJUNCTIVE RELIEF AND DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

# COMPLAINT

**TO THE HONORABLE COURT:**

Comes now plaintiff through her undersigned attorney and respectfully states, alleges and prays:

## NATURE OF THE ACTION

This is an action for declaratory and injunctive relief, compensatory and punitive damages for pursuant to the provisions of the American with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. Secs. 12101 et seq., the Rehabilitation Act, 29 U.S.C. § 701 et seq; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; Puerto Rico Law No. 44 of July 2, 1985 ("Law 44"), as amended, 11 L.P.R.A. Secs. 501 et seq., Puerto Rico's Retaliation Discrimination Law, Act 115-1991, and Article 1802 of the Puerto Rico Civil Code.

1

## JURISDICTION AND VENUE

The jurisdiction of this Court is founded upon 28 U.S.C. 1331 and pursuant to 28 U.S.C. §1367, plaintiff invokes the pendent jurisdiction of this Court with respect to any and all causes of action arising under the Laws and Constitution of Puerto Rico insofar as they stem from the same nucleus of operative facts as their federal counterparts and because the amount in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).   Plaintiff hereby demands trial by jury.

## THE PARTIES

**A.**     **PLAINTIFF**

1.     Plaintiff Irma M. Rosario Cora ("Rosario") is a citizen of the United States and resident of Urb. Bairoa Calle Guarico C-P-5 Caguas, Puerto Rico.

2.     Rosario has been an employee of the Department of Correction and Rehabilitation of Puerto Rico since October 1993, when she was hired as "Sociopenal Services Technician I" (Técnica de Servicios Sociopenales I)

3.     During her time in DCR, Rosario has been promoted several times. At the moment of facts alleged herein, she occupied the position of "Sociopenal Services Technician IV" (Técnica de Servicios Sociopenales IV)

4.     Rosario has been diagnosed with Cervical Strain (HNP C5-C6 and C6-C7), Lumbar Strain (HNP L4-L5) and Radiculopathy.

5. Because of her diagnosis, she is a qualified individual with a disability under the ADAAA and Puerto Rico Law 44, as she is limited in the major life activities of sitting for long periods of time, driving long distances, exposure to changes or extreme

2

temperatures, bending, cleaning and taking care of her home, among others.

**B.   DEFENDANTS**

6.      The Department of Correction and Rehabilitation of Puerto Rico ("DCR") is an agency of the Commonwealth of Puerto Rico ("the Commonwealth").

7.       Since the DCR has no independent capacity, for all intents and purposes the Commonwealth of Puerto Rico is Rosario's employer under the ADAA and Puerto Rico's Law 44. Which has had more than 500 employees during any work week from May 15, 2013 until today.

**FACTS**

8.      During the year 2008, Rosario requested a reasonable accommodation from her employer because of her disability.

9.      At that time, she was working for the DCR's "Programa de la Comunidad", office of San Juan.

10.     The request was granted and as reasonable accommodation she was transferred from the "Programa de Comunidad" office in San Juan, to "Programa de Comunidad's" office in Caguas, an office near her home.

11.     On May 15, 2013, Rosario was notified that, effective immediately, she had been transferred to "Programa de Comunidad's" office in Humacao.

12.     The reason for the transfer was not explained to her, nor justified in any way.

13.     On May 28, 2013, Rosario complained about the transfer and formally requested to be returned to the Caguas Office.

3

14.    Rosario provided the necessary medical evidence to support the reasonable accommodation and explained the reasons why the accommodation was needed.

15.    On June 2014, Rosario provided the DCR with a medical evaluation from Dr. Carlos M. Pantojas, which confirmed her conditions and the treatment she was receiving.

16.    On December 19, 2013, Rosario met with her supervisor to discuss her reasonable accommodation request.

17.    However, the DCR did not act on Rosario's reasonable accommodation request.

18.    Meanwhile, Rosario was receiving treatment from the State Insurance Fund.

19.    On February 27, 2014, the Humacao office where Rosario had been assigned was relocated to a farther location within the city of Humacao.

20.    On February 28, 2014, Rosario provided the DCR with a letter from Dr. Wanda Ruiz Charbonier, Caguas Regional Director of the State Insurance Fund. In said letter, Dr. Ruiz recommended that "with the purpose of maintaining a work environment free of risks to the health of the injured employee, and to improve her quality of working life, it is recommended to evaluate the possibility of a transfer to an area closer to her residence." The letter further added that "[W]e trust that the recommended adjustment measures, which are sustained by medical evidence and directed to maintain Ms. Rosario active in the workforce, be affirmatively considered."

21.     Despite the above, the DCR did not act on Rosario's accommodation request.

22.     On April 2, 2014, Rosario filed a Charge of Discrimination against the DCR, before the Puerto Rico Department of Labor's Antidiscrimination Unit, which was assigned the number 515-2014-00275.

23.     During the proceedings before the Antidiscrimination Unit, the DCR denied it had failed to provide Rosario with reasonable accommodation and never acted on her reasonable accommodation request. Rosario remained assigned to the Humacao Office.

24.     On November 15, 2015, the U.S. Equal Employment Opportunity Commission, San Juan Local Office issued a "Determination", in which it concluded that Rosario was "denied reasonable accommodation when she was denied a transfer to "Programa de la Comunidad Oficina de Caguas" or any other option to accommodate her disability." Therefore, it concluded that "the evidence obtained during the Commission's investigation establishes that there is reasonable cause to believe that [Rosario] was discriminated because of her disability, in violation of the ADAAA."

25.     Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., requires that if the Commission determines that that there is reason to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful practice by informal methods of conciliation.

26.     At the Commission's invitation, the DCR engaged in the process of conciliation.

27.     On February 12, 2016, the DCR and Rosario signed a Conciliation

Agreement. In it, the DCR agreed to transfer Rosario to the "Programa de la Comunidad Oficina de Caguas", and to pay her the amount of $10,000.00 in damages within 30 days of the approval of the agreement.

28.     As part of the agreement, Rosario waived, released and convened not to sue the DCR, provided that it complied with the promises and representations provided therein.

29.     The DCR transferred Rosario to the "Programa de la Comunidad Oficina de Caguas". However, it never complied with the monetary agreement.

30.     In light of such incompliance, on December 22, 2016, the U.S. Equal Employment Opportunity Commission, San Juan Local Office referred Rosario's charge to the US Department of Justice ("DOJ"), for legal review and litigation determination.

31.     On February 3, 2017, the DOJ notified Rosario with a Notice of Right to Sue Letter, advising her of her right to file a civil action under Title I of the Americans with Disabilities Act.

## FIRST CAUSE OF ACTION
## ADAAA FAILURE TO ACCOMMODATE

32.     Plaintiff reiterates the allegations included in paragraphs 1-31 of this complaint.

33.     The DCR failed to consider Rosario's accommodation needs.

34.     Furthermore, the DCR never intended to comply with any accommodation toward Rosario.   DCR never expressed any undue hardship or direct threat as the reason for ignoring and not complying with Plaintiff's reasonable accommodation needs.

35.     DCR's inaction on Plaintiff's reasonable accommodation is a violation of the

6

ADAAA and a gross failure to comply with its obligations under the Act.

36. Rosario has suffered emotional damages, mental anguish and moral damages as a result of Defendant's failure to accommodate her.

37. Rosario's emotional and economic damages are calculated in an amount not less than $ 1,000,000.00 which must be double as required by the statute.

38. Defendants' actions are a violation to Puerto Rico Law 44 and the ADAAA.

**SECOND CAUSE OF ACTION**
**LAW 44 FAILURE TO ACCOMMODATE AND DISCRIMINATION CLAIM**

39. Plaintiff reiterates the allegations included in paragraphs 1-38 of this complaint.

40. It is Plaintiff's contention that Defendant failure to accommodate her and DCR's discriminatory treatment and creation of a hostile environment are also in violation under Puerto Rico Act 44 and the ADAAA.

41. Rosario has suffered emotional damages, mental anguish and moral damages because of Defendant failure to accommodate Plaintiff.

42. Rosario's emotional and economic damages are calculated in an amount not less than $ 1,000,000.00 which must be double as required by the statute.

43. Defendants' actions are a violation to Puerto Rico Law 44 and the ADAAA.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully request from this Honorable Court to issue the following relief, jointly and severally against all Defendants:

a. Award Rosario compensatory damages for her emotional and moral damages

and her mental anguish.

b. Award Rosario for economic damages.

c. Award Rosario punitive damages.

d. Award plaintiff the costs of this action, including reasonable attorney's fees, costs, and expenses.

e. Award pre and post judgment interests.

f. Grant Plaintiff any such further relief as this Honorable Court may deem just, proper and equitable. h. Trial by jury is demanded.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 28th day of April, 2017.

*s/Fredeswin Pérez-Caballero*

**Fredeswin Pérez-Caballero**
USDC-PR 217803
Attorney for Plaintiff
P.O. Box 723
Caguas, Puerto Rico 00726-0723
Tel:    787-239-7226 Fax: 1-888-670-3947
e-mail: fpclaw@gmail.com